Ismael MORALES, Libelant,

v.

DAMPSKIBS A/S FLINT and Willy Ku-
bon Engen and Sabre Shipping Cor-
poration, Respondents,

v.

JOHN W. McGRATH CORPORATION,
Respondent-Impleaded.

No. 62 Civ. 4104.

United States District Court
S. D. New York.

June 1, 1966.

Alvin I. Apfelberg, New York City, for libelant.

William A. Wilson and John J. Nolan, New York City, for respondents.

Joseph F. McGoldrick, New York City, for respondent-impleaded; by McHugh & Leonard, New York City, Martin J. McHugh, New York City, of counsel.

PALMIERI, District Judge.

*Preliminary Statement*

This is a suit by a longshoreman for personal injuries arising out of a ship-board accident which occurred during the discharge of cargo. The libelant long-shoreman was part of a work gang engaged in the removal of cargo from the lower hold of No. 5 hatch of a merchant vessel, the S/S Sabre Purpose. When this hatch was first opened for the beginning of discharge operations, the cargo was listed and cases containing nuts and bolts were broken open with nuts and bolts spilled over the cargo. No. 5 lower hold contained cargo consisting of lumber, plywood, and bales as well as kegs and cases of nuts and bolts. Some of the kegs containing nuts and bolts were lying on their sides. The nuts and bolts were relatively small, many of them being smaller than one-quarter of an inch. Some of this spilled cargo had fallen into crevices between other stowed cargo. The situation was called to the attention of the mate of the vessel as well as the boss stevedore and their instructions were to continue work but to be careful. Pursuant to these instructions and in accordance with customary rules applicable to this situation, the nuts and bolts were picked up as they were exposed by the removal of cargo, put into an empty box and then sent to a cooper on the dock. Several boxes of spilled nuts and bolts were sent up before the accident occurred.

Just before the accident occurred the libelant was attempting to fasten a hook of the bridle to a corner of the loaded pallet so that the loaded pallet, after being properly fastened to the bridle by him and the other members of the work gang, could be hoisted out of the ship. In doing this, libelant stepped off the pallet and placed his foot into an area that had momentarily before been cleared of cargo, slipping on some loose nuts and bolts. This caused him to fall and to sustain the injuries for which the action was brought. The nuts and bolts were small and were approximately the same color as the deck or floor of the vessel to which they fell. It appears probable that the nuts and bolts which caused libelant's fall had slipped from adjoining crevices, when the small area

was being cleared just prior to the accident and just before the bridle was lowered in order to hoist the loaded pallet.

The libelant was compelled to keep the bridle under close observation as it was coming down the hatch in order to escape being struck by it, and, once it was within grasping distance, libelant had to hook it immediately to his corner of the pallet because, if left swinging, the bridle could injure the other workmen who were present and working with the same bridle and pallet. Accordingly, there was no occasion for Morales to look down and to see the nuts and bolts on the floor of the hold before he put his foot down while attempting to affix the bridle hook.

 The findings and conclusions which follow are intended to demonstrate that the libelant is entitled to recover damages for his injuries from the respondents and that the third-party action must be dismissed because the proof fails to establish any basis for liability on the part of the stevedore.

 The request of libelant for pre-judgment interest has not been allowed because he was afforded prompt medical attention without expense to himself and because he was paid compensation benefits for the post-accident period of disability which entailed absence from work.

### Findings of Fact

1. On October 11, 1962, the respondents owned, operated and controlled a certain merchant vessel known as the S/S Sabre Purpose. The respondents were and still are foreign persons and corporations organized under the laws of Norway.

2. At all times hereinafter mentioned, the respondent-impleaded was a stevedoring contractor (hereinafter referred to as the stevedore), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. On the 11th day of October, 1962, the said vessel was moored at Pier 20, Staten Island, in the City of New York, within the navigable waters of the United States, for the purpose of discharging cargo by virtue of an agreement between respondents and its agents, and the stevedore.

4. Libelant was employed as a longshoreman by the stevedore which was engaged in discharging cargo from the vessel.

5. Libelant boarded the vessel of the respondents shipowners for the purposes of discharging said cargo and was so engaged at the time of his accident.

6. During the course of the discharge operations, libelant was caused to slip on nuts and bolts which had accumulated on the floor of the hold, thereby causing the injuries which are the basis for this action.

7. Libelant and his fellow longshoremen were working in the No. 5 hatch aboard the vessel. During the course of discharge operations, it was discovered that cases of nuts and bolts in said hatch were broken because of defective packaging and because of their improper stowage. The contents of the cases containing the nuts and bolts were in consequence caused to spill out over the general cargo and into crevices between stowed cargo. Such defect in the containers and the fact that some spilled cargo of nuts and bolts were causing a hazard to those lawfully aboard the vessel, was known or, in the exercise of diligence, should have been known by the officers and crew members of the vessel.

8. The area in which libelant was compelled to work was unsafe and the condition of the cargo and its stowage rendered the vessel unseaworthy.

9. Libelant, as a result of said accident, suffered injuries for which he was hospitalized at Staten Island Hospital for a period of about five days and for which he was disabled for a number of weeks after his accident. He returned to work in January, 1963. He suffered

a light diminution in earnings between the time of the accident and the trial.

10. The injuries suffered by the libelant were: (1) a lumbo-sacral sprain; (2) a laceration over the lumbo-sacral region on the right side caused by a cargo hook carried in libelant's belt, requiring one silk suture to close, and resulting in a one-half inch healed scar. The libelant has experienced pain during changing weather. He had been accustomed to wear a lumbo-sacral corset as well as a wide leather belt in order to do his work with greater ease and comfort. Libelant has not been able to do heavy lifting without some pain or discomfort. Libelant has not suffered any permanent disability except that the lumbo-sacral sprain may be classified as chronic due to the long period of time during which the symptoms have endured.

11. There has been no impairment of libelant's capacity to earn his livelihood in the future.

*Conclusions of Law*

1. This Court has jurisdiction over the subject matter of this action and the parties thereto. 28 U.S.C. § 1331.

2. The doctrine of seaworthiness applies to the libelant longshoreman who was working aboard a vessel in navigable waters and was engaged in the discharge of its cargo. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

3. The S/S Sabre Purpose, at the time of libelant's accident, was unseaworthy because of defective containers of nuts and bolts and the manner in which they had been stowed prior to the libelant's accident. Gutierrez v. Waterman S.S. Corp., 373 U.S. 206, 213, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); Morales v. City of Galveston et al., 370 U.S. 165, 82 S.Ct. 1226, 8 L.Ed.2d 412 (1962).

4. The hazards presented by the nuts and bolts scattered in and about the area of the hold of the No. 5 hatch, which were known or should have been known by the officers and crew members of the vessel, constituted negligence on the part of the shipowner herein. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962).

5. The work area where libelant and his co-employees were compelled to discharge cargo was negligently and carelessly maintained by the shipowner, thereby providing libelant with an unsafe place to work.

6. Libelant, at the time of his accident, had no notice of the fact that the nuts and bolts were directly under foot. He was not contributorily negligent. Stark v. American Dredging Co., 66 F.Supp. 296, 300 (E.D.Pa.1946). See also Central R.R. of New Jersey v. De Busley, 261 F. 561, 566 (3d Cir. 1919).

7. The stevedore did not create or bring about the condition which made the vessel unseaworthy at the time of libelant's accident. The stevedore was not negligent nor did it violate any contractual duty owed by it to the respondents.

8. The libelant is entitled to recover damages from the respondents in the sum of $7,828.00, made up of the following items:

| | |
|---|---|
| Lost Wages and Diminution of Earnings | $2,500.00 |
| Hospital and Medical Expenses | 328.00 |
| Pain and Suffering, past, present and future, including healed scar | 5,000.00 |

9. The libelant has failed to sustain his burden of proving any additional items of damage.

10. The third-party action is dismissed with prejudice.

Submit proposed judgment on notice.